UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Ex Parte Application of<br><br>MEDICAL INCORPORATED ASSOCIATION TAKEUCHI DENTAL CLINIC,<br><br>Applicant. | Case No. 5:22-mc-80200-EJD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. SECTION 1782**<br><br>Re: Dkt. No. 1 |

Before the Court is Medical Incorporated Association Takeuchi Dental Clinic's ex parte application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding. Dkt. No. 1. For the reasons stated below, the ex parte application is GRANTED.

## I.    BACKGROUND

Medical Incorporated Association Takeuchi Dental Clinic ("Applicant") has been operating a general dentistry clinic for approximately 30 years in Kanagawa, Japan. *Id*. at 2. In or about June of 2022, a review ("Subject Review 1") was posted on the Google Map review page concerning "Takeuchi Dental Clinic" through a Google Account whose display name was "mm n" ("Subject Google Account 1"). *Id*. In or about June of 2022, another review ("Subject Review 2") was posted on the Google Map review page also concerning "Takeuchi Dental Clinic" through a Google Account whose display name was "なかどり" ("Subject Google Account 2"). *Id*. The Applicant contends that Subject Review 1 and Subject Review 2 (collectively "Subject Reviews") were posted with a one-star rating and offensive comments. *Id*. at 1-2. Applicant alleges that the Subject Reviews were posted for harassment purposes and constitute defamation and unlawful

Case No.: 5:22-mc-80200-EJD
ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. SECTION 1782

1

business interference under Japanese Civil Code Article 709. *Id*. at 3. Applicant intends to bring a lawsuit in Japan against the persons associated with Subject Google Account 1 and 2, and seeks permission to serve a subpoena on Google for four categories of documents:

> 1. All DOCUMENTS identifying the users of ALL ACCOUNTS from the date the Google Accounts were created to the present, including all names, addresses (including postal codes), e-mail addresses (including email addresses used for recovery or other purposes), and telephone numbers.
>
> 2. All DOCUMENTS showing all names and addresses (including postal codes) of credit card holders registered on ALL ACCOUNTS.
>
> 3. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ALL ACCOUNTS from the date the foregoing accounts were created to the present, including access log for each login (namely, login history).
>
> 4. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ALL ACCOUNTS at the time each of the SUBJECT REVIEWS were posted.

Dkt. No. 1-4 at 6. The application is supported by the declaration of Yuichi Nakazawa, an attorney licensed in Japan. Dkt. No. 1-1.

**II.     STANDARDS**

Title 28 United States Code §1782(a) provides federal court assistance in gathering evidence for use in foreign proceedings. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a).

Even where the statutory requirements are met, the district court retains discretion in determining whether to grant an application under §1782(a) and "may impose conditions it deems desirable." *Intel Corp.*, 542 U.S. at 260 (quotations and citation omitted). In *Intel*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a §1782(a) request. *Id.* at 264. These considerations include: (1) "whether the person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the

Case No.: 5:22-mc-80200-EJD
ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. SECTION 1782

2

1  proceedings underway abroad, and the receptivity of the foreign government or the court or
2  agency abroad to U.S. federal-court judicial assistance;" (3) "whether the §1782(a) request
3  conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a
4  foreign country or the United States;" and (4) whether the request is "unduly intrusive or
5  burdensome." *Id.* at 264–66.

### III.  DISCUSSION

#### A.  Statutory Factors

In analyzing whether an applicant meets the statutory requirements, the Ninth Circuit adopted a three-step approach. *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). An applicant must show: (i) the person or entity from whom discovery is sought "resides or is found" in this district; (ii) the discovery must be for the purpose of "use in a proceeding" before a "foreign or international tribunal;" and (iii) the application must be made by an "interested person" in the foreign judicial proceeding. *Id.* The Court finds that Applicant satisfies the statutory criteria of 28 U.S.C. §1782(a).

First, Applicant satisfies the "resides or is found" requirement. In this district, business entities are "found" where the business is incorporated, is headquartered, or where it has a principal place of business. *See e.g.*, *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) ("A business entity is 'found' in the judicial district where it is incorporated or headquartered."); *In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement); *In re TPK Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (finding subpoenaed party was "found" within the district because it maintained an in-district office). Courts have also concluded that companies are found in a district where "they conduct systematic and continuous local activities in this district." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036–38 (N.D. Cal. 2016). Google is headquartered in and has its principal place of business in Mountain View, California.

Case No.: 5:22-mc-80200-EJD
ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. SECTION 1782

3

Second, Applicant has demonstrated that the discovery is sought for use in a proceeding before a "foreign or international tribunal." The Supreme Court has held that "foreign or international tribunal" refers to governmental or intergovernmental bodies. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2088 (2022). "Thus, a 'foreign tribunal' is one that exercises governmental authority conferred by a single nation, and an 'international tribunal' is one that exercises governmental authority conferred by two or more nations." *Id*. This requirement is not limited to adjudicative proceedings that are pending; §1782(a) may be invoked where such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp.*, 542 U.S. 241 at 258–59. Applicant indicates that the requested discovery relates to proceedings that it intends to initiate against the person(s) associated with the Subject Google Accounts as soon as it learns their identities. This meets the requirements of a "foreign or international tribunal" under §1782(a).

Applicant also satisfies the third prong. "Any interested person" includes "not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance." *Intel Corp.*, 542 U.S. 241 at 257 (quotations and citation omitted). Applicant has demonstrated that they will be active litigants in the Japanese proceedings, thereby satisfying the "interested persons" requirement.

Accordingly, Applicant has satisfied all statutory requirements.

### B. *Intel* Factors

The *Intel* factors also weigh in favor of granting the ex parte application.

Turning to the first factor, the Court finds that the material is not within the jurisdictional reach of the foreign proceeding. The relevant inquiry is whether the evidence is available to the foreign proceeding or tribunal "because in some circumstances, evidence may be available to a foreign tribunal even if it is held by a non-participant to the tribunal's proceedings." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1039; *see also In re Varian Med. Sys. Int'l AG*, 2016 WL

Case No.: 5:22-mc-80200-EJD
ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. SECTION 1782

4

1161568, at *3 (N.D. Cal. Mar. 24, 2016). "[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." *In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568 at *4 (quotation marks omitted).

Here, Google will not be a party in the civil action that will be initiated in Japan (Dkt. No. 1-1 ¶ 10) and the documents Applicant seeks by subpoena are located in the United States (Dkt. No. 1 at 5). Applicant contends that the documents are outside the Japanese courts' jurisdiction. "In these circumstances, the need for assistance pursuant to §1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *In re Medical Corporation Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S. at 264).

Accordingly, the first *Intel* factor weighs in favor of granting Applicant's request.

The second *Intel* factor also favors Applicant. In consideration of the receptivity of the foreign court or tribunal, "[c]ourts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. Here, Applicant asserts that Japanese courts are receptive to United States discovery. Dkt. No. 1 at 6. Applicant is also unaware of any restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance. Dkt. No. 1-1 ¶ 11. Absent evidence that the Japanese civil court would object to Applicant obtaining and using the evidence sought by the subpoena, the second *Intel* factor weighs in Applicant's favor.

The third factor, which is whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," also weighs in favor of granting Applicant's request. *Intel Corp.*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to §1782 can be a factor in a court's analysis. Courts have found that this factor weighs in favor of

discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). As noted previously, Applicant is unaware of any restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance. Dkt. No. 1-1 ¶ 11. Absent any evidence that Applicant is attempting to circumvent foreign proof-gathering restrictions, this factor also weighs in Applicant's favor.

Finally, the Court must consider whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Courts have found discovery requests to be intrusive or burdensome where they are overbroad and "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044. Applicant's proposed subpoena seeks discovery of personal identifying information such as names, addresses, telephone numbers, and e-mail addresses, or information that will lead to the discovery of personal information such as the access log (the IP address and timestamp) for limited periods of time. The Court finds under the circumstances of this case that the subpoena seeks relevant information to identify the persons responsible for the alleged defamation and unlawful business interference. Further, the subpoena is appropriately narrowly tailored. *See In re Frontier Co., Ltd.,* 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting a §1782 request to issue a subpoena to an internet content delivery service company for the name, address, email address, telephone number, and name and address on credit cards); *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4–5 (N.D. Cal. Aug. 10, 2021) (authorizing nearly identical discovery as sought in this application). The subpoena only seeks access logs for the accounts as of the date of account creation to the present. The subpoena appropriately does not seek the content of any communications associated with the accounts at issue. Lastly, the subpoena does not seek disclosure of credit card numbers or any other sensitive information.

Accordingly, the Court finds that the *Intel* factors weigh in favor of granting Applicant's request to serve a section 1782 subpoena on Google.

Case No.: 5:22-mc-80200-EJD
ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. SECTION 1782

## IV. CONCLUSION

For the reasons stated above, the ex parte application is GRANTED.

**IT IS SO ORDERED.**

Dated:  October 17, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-mc-80200-EJD
ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. SECTION 1782